IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

JAMES L. STEPHENS,

                Plaintiff

     VS.                              NO. 5:06-CV-264 (HL)

MR. DICKERSON, *et al.*,

                Defendants     **PROCEEDINGS UNDER 42 U.S.C. §1983**
                                       **BEFORE THE U. S. MAGISTRATE JUDGE**

# RECOMMENDATION

Before the court is the defendants' motion seeking summary judgment in the above-styled case. Tab #15. Their motion is supported by an attached brief and a number of affidavits and exhibits. Though the plaintiff was advised of his right and duty to respond to the defendants' motion, he has failed to do so adequately, filing only a "MOTION TO DENY SUMMARY JUDGMENT," in which he makes no legal or factual argument in two sentences. Tab #18.

**SUMMARY JUDGMENT STANDARD**

Rule 56(c) of the Federal Rules of Civil Procedure dealing with motions for summary judgment provides as follows:

> *The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.*

Summary judgment can only be granted if there are <u>no</u> genuine issues of material fact and if the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c); ***Warrior Tombigbee Transportation Co. v. M/V Nan Fung***, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment <u>cannot</u> <u>rest</u> <u>on</u> <u>his</u> <u>pleadings</u> to present an issue of fact but <u>must</u> <u>make</u> <u>a</u> <u>response</u> to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts which exist in the case which must be presented to a jury for resolution.  *See* ***Van T. Junkins & Assoc. v. U.S. Industries, Inc.***, 736 F.2d 656, 658 (11th Cir.1984).

**FACTS**

Plaintiff Stephens, an inmate assigned to Georgia Diagnostic and Classification Prison in Jackson, Georgia for all times pertinent to this litigation, suffered what he alleges to be a spider bite on December 21, 2005.  He went to medical where he was diagnosed with a staph infection and was treated accordingly.  The following day, Stephens was feeling ill and asked defendant Officer White to permit him go to medical; Officer White followed the standard procedures for an inmate making such a request, which includes having the inmate fill out a sick call card and wait to be called by medical.  Officer White was not aware of any medical emergency when he was originally approached by Stephens.

Another inmate alerted the medical staff that Stephens was unable to eat or shower, and arrangements were made for Stephens to be escorted to medical in a wheelchair by another inmate.  Such arrangements required that the prison guards be alerted of the situation.  Once they were made aware of the situation, Stephens was taken to medical where he received treatment for his condition, including being admitted to the infirmary for close observation.

Any delay that occurred while Stephens was waiting to be seen by medical had no effect on his health.

## DISCUSSION

Plaintiff Stephens has sued the defendants based on what the plaintiff has alleged to be medical treatment that was so delayed and/or deficient as to violate his Eighth Amendment right to be free of cruel and unusual punishment. The Supreme Court has defined the standard by which prison administrators can be held liable for claims regarding medical needs as one of "deliberate indifference." *Estelle v. Gamble*, 429 U.S. 97 (1976). "Prison personnel may not subject inmates to acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Harris v. Thigpen*, 941 F.2d 1495, 1504 (11th Cir. 1991). "Medical treatment violates the eighth amendment only when it is so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Id. at* 1505 (internal punctuation and citation omitted).

Upon a review of the evidence in this case, the undersigned is satisfied that the treatment afforded to the plaintiff was adequate and certainly did not constitute deliberate indifference to a serious medical need. While the nurse who originally saw the plaintiff may have misdiagnosed his condition as a staph infection, there is no evidence of indifference to the plaintiff's needs; rather, it is obvious that the prison and medical personnel were active in their treatment of the plaintiff and were simply following prison procedure when the plaintiff was delayed in returning to medical the day following his original complaint.

## QUALIFIED IMMUNITY

The defendants have asserted the defense of qualified immunity which shields government actors from suit unless they violate clearly established law. Because of the undersigned's finding that there was no constitutional violation, the defendants are protected by qualified immunity.

## CONCLUSION

For the reasons detailed above, IT IS RECOMMENDED that the defendants' MOTION FOR SUMMARY JUDGMENT be **GRANTED**. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof

SO RECOMMENDED this 15th day of JANUARY, 2008.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE